**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1176
_____

ELIJAH CROSBY,
            Appellant

v.

JOSEPH J. PIAZZA; *SECRETARY PENNSYLVANIA DEPARTMENT OF
CORRECTIONS; JOHN W. KERESTES; DAVID W. MCANNANEY; MICHAEL
MILLER; L.S. KERNS BARR; KANDIS K. DASCANI; SHARON M. BURKS;
OFFICER MCCAHAN; OFFICER FORNWALD; OFFICER BENZA; JOHN/JANE
DOE'S; DEPARTMENT OF CORRECTIONS; MR. MORASKIE; SUPERINTENDENT
COLEMAN; JOAN L. MANN; CANDICE MARIE LACKEY

*(Pursuant to Rule 43(c), Fed. R. App. P.)
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 08-cv-00020 )
District Judge:  Honorable Edwin M. Kosik
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 17, 2012

Before:  CHAGARES, VANASKIE and STAPLETON, Circuit Judges

(Opinion filed : February 29, 2012)
_____

OPINION
_____

PER CURIAM

Elijah Crosby, a state prisoner, appeals pro se from the order of the United States District Court for the Middle District of Pennsylvania granting Defendants' motions to dismiss. For the reasons that follow, we will affirm in part, vacate in part, and remand for further proceedings.

I.

Crosby is a prisoner at SCI-Coal Township in Pennsylvania. In January 2008, he filed a complaint in the District Court pursuant to 42 U.S.C. § 1983, naming as Defendants the Pennsylvania Department of Corrections ("DOC") and eleven DOC employees.[1] Crosby alleged violations of his constitutional rights by the Defendants arising out of their alleged involvement in searching his cell and subsequent misconduct hearings. In August 2009, Crosby amended his complaint to include claims of retaliation and conspiracy and added four additional Defendants to the action.[2]

In the original complaint, Crosby alleged that, in September 2006, while he was confined in the F-Block Unit of the prison, several of the Defendants came to his cell to escort him to the general intake area to collect an investigative urine sample. After he was tested, Crosby alleged that Defendant Miller ordered two other DOC employees to

---

[1] Those Defendants are: Joseph Piazza, Jeffrey Beard, John Kerestes, David McAnnaney, Michael Miller, L.S. Kerns-Barr, Kandis Dascani, Sharon Burks and Officers McCahan, Fornwald, and Benza.

[2] Those Defendants are: Superintendent Coleman, Joan L. Mann, Candice Marie Lackey, and "Mr. Moraskie."

2

place him in an observation cell. Later that day, Crosby's cell was searched and he was issued a misconduct for possession of contraband.

The following month, Crosby received a second misconduct after officials again found contraband and a controlled substance in his cell. Crosby was afforded hearings on both misconducts before Defendant Kerns-Barr. In October 2006, Crosby was found to have possessed the contraband referred to in the first misconduct. Later that month, Crosby was found to have possessed the controlled substance and the contraband which was the subject of the second misconduct.

Crosby thereafter filed numerous grievances relating to the investigation and hearings. The grievances were dismissed. Crosby subsequently filed his section 1983 complaint alleging that: 1) his cell was searched without notice in violation of his Fourth Amendment rights; 2) his personal property was illegally confiscated during those searches; and 3) he was denied due process during the misconduct proceedings.

In his supplemental complaint, Crosby alleged that several of the original defendants and several additional Defendants conspired against him for having filed an administrative grievance as to the misconduct, and later retaliated against him for doing so by filing the second misconduct and requiring him to enroll in various treatment programs. He also alleged that Defendant Moraskie violated his rights by providing false information in support of the issuance of the second misconduct.

3

Crosby sued the Defendants in both their official and individual capacities and sought both monetary damages and an injunction preventing them from adding any additional programs to his correctional plan which might interfere with his parole. Defendants moved to dismiss the action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 12(b)(6). Crosby then filed a second motion to supplement his complaint to add new claims against additional Defendants. In a January 2011 order, the District Court granted Defendants' motions to dismiss and denied Crosby an opportunity to further supplement his complaint. Crosby timely appealed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over a Rule 12(b)(6) dismissal, see Weston v. Pennsylvania, 251 F. 3d 420, 425 (3d Cir. 2001), and we may affirm the judgment "on any basis which finds support in the record," see Bernitsky v. United States, 620 F.2d 948, 950 (3d Cir. 1980). A motion to dismiss should be granted if the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

As an initial matter, the District Court properly dismissed Crosby's claims for money damages against the DOC, see Edelman v. Jordan, 415 U.S. 651, 663 (1974), as well as the other named Defendants to the extent they were acting in their official capacities. Indeed, the Eleventh Amendment bars a suit for money damages against a

4

state agency and state officials sued in their official capacities.  See Melo v. Hafer, 912 F.2d 628, 635 (3d Cir. 1990).

We also affirm the dismissal of Defendants Beard, Piazza, Kerestes, Dascani, Burks, and Coleman from the action because Crosby failed to allege that they were personally involved in any wrongdoing.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("[A] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior.").

Due Process Claim

Crosby first alleged that Defendant Kerns-Barr denied him due process at his misconduct hearings because he was not permitted to present witnesses, conduct cross-examination of a confidential witness, and personally test the chemical powder found in his cell.  In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court held that a prisoner facing the deprivation of a constitutionally cognizable liberty interest following an administrative hearing has a due process right to certain procedural protections.  Specifically, at a prison disciplinary hearing, due process requires that the inmate: (1) appear before an impartial decision-making body; (2) be given not less than 24 hours written notice of the charges against him; (3) be afforded the opportunity to call witnesses and present documentary evidence; (4) be permitted assistance from an inmate representative; and (5) receive a written decision explaining the decision-maker's conclusions.  Id. at 563-71.  However, an inmate's due process rights are not triggered

unless the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Crosby was placed in RHU for a total of 270 days after he was found guilty of both misconducts. We have held that this type of confinement does not constitute an "atypical and significant hardship" under Sandin. See Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997) (finding that fifteen months in segregation was not an atypical and significant hardship); Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir. 2002) (holding that seven months' disciplinary confinement "does not, on its own, violate a protected liberty interest as defined in Sandin.")

Therefore, because Crosby's disciplinary confinement did not impose an atypical and significant hardship, and thus did not deprive him of a protected liberty interest, the procedural due process protections of Wolff did not apply to his hearing. Moreover, even under Wolff, Crosby would not have been permitted to test the materials that were found in his cell.

Illegal Search

Crosby also alleged that his Fourth Amendment rights were violated because Defendants Miller, Fornwald, Benza, and McCahan failed to provide him with notice that his cell would be searched. He also claimed that in conjunction with the cell search, certain commissary items were illegally removed from his cell. The District Court did not err in dismissing this claim because, as the Supreme Court has held, "the Fourth

Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." Hudson v. Palmer, 468 U.S. 517, 526 (1984).

We also affirm the District Court's dismissal of Crosby's claim concerning the confiscation of his property. Deprivation of inmate property by prison officials does not give rise to cognizable due process claim if the prisoner has an adequate post-deprivation state remedy. Hudson, 468 U.S. at 533. Adequate remedies were available here as Crosby was provided an opportunity to file an administrative grievance. See Tillman v. Lebanon County Corr., 221 F.3d 410, 422 (3d Cir. 2000). As the District Court correctly noted, to the that extent Crosby is dissatisfied with the outcome of the administrative process, he may still file a state court tort action. Hudson, 468 U.S. at 535.

Defendant Moraskie

The District Court also correctly dismissed Crosby's claim against Defendant Moraskie. Crosby alleged that Moraskie violated his constitutional rights by providing false information regarding the items that were confiscated from his cell in connection with the first misconduct. The filing of false disciplinary charges does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges. Mensinger, 293 F.3d at 653-54 (3d Cir. 2002); Freeman v. Rideout, 808 F.2d 949, 952-53 (2d Cir. 1986). Crosby does not allege that he was denied a hearing. Therefore, to the extent he asserted a due process violation, the District Court properly dismissed the claim.

Retaliation Claims

7

Crosby next alleged that Defendants Piazza, Miller, McAnnaney, Kerestes, and Kerns-Barr issued the second misconduct report against him in retaliation for his having filed an administrative grievance after he was issued the first misconduct. He also claims that, as a result of filing his complaint, he is now required to attend additional treatment programs which will impede his ability to seek parole.

Section 1983 imposes liability for retaliatory conduct by prison officials if the conduct was motivated "in substantial part by a desire to punish [the] individual for the exercise of a constitutional right," Allah v. Seiverling, 229 F.3d 220, 224 (3d Cir. 2000) (quoting Thaddeus-X v. Blatter, 175 F.3d 378, 386 (6th Cir. 1999) (en banc)), such as filing lawsuits and grievances related to incarceration. See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). To prevail on a section 1983 retaliation claim, the prisoner must prove: (1) that the conduct leading to the alleged retaliation was constitutionally protected; (2) that he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) that his protected conduct was a substantial or motivating factor in the decision to discipline him. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). However, "prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Id. at 334.

The District Court dismissed Crosby's claim that the Defendants issued the second misconduct report against him in retaliation for his having an administrative grievance,

8

reasoning that the multiple grievance decisions in the record demonstrate that the Defendants would have taken the same action irrespective of any desire to retaliate against Crosby. The standard applied by the District Court, arguably appropriate at the summary judgment stage, was incorrectly applied to the Defendants' motion to dismiss. The question before the District Court was whether Crosby stated a claim upon which relief could be granted. Based on the pleadings, we conclude that Crosby made out a prima facie case of retaliation; dismissal was therefore inappropriate.[3]

We are also unable to affirm, under Iqbal, the District Court's dismissal of Crosby's claim that, in retaliation for filing the instant civil action, he has been required to complete several treatment programs which will interfere with his ability to seek parole. The District Court determined that Crosby failed to state a claim for relief under Rauser because he failed to allege an actual injury. Specifically, the Court determined that because Crosby has no right to parole under Pennsylvania law, such an argument is not viable.

We cannot determine from either the supplemental complaint, or Defendants' motion to dismiss, whether Crosby, by his placement in these programs, has been

---

[3] We will affirm the dismissal of Crosby's related conspiracy claim, however. Crosby alleged that Defendants Miller, Piazza, Kerestes, and Burns conspired to issue the second misconduct after Crosby filed a grievance following the issuance of the first misconduct. We agree with the District Court that Crosby's conspiracy claim is deficient because absent from his complaint are allegations of at least some facts which could permit a reasonable inference of a conspiracy to be drawn. See, e.g., Abbott v. Latshaw, 164 F.3d 141, 148 (3d Cir. 1998) (mere "conclusory allegations of concerted action" are insufficient to satisfy the notice-pleading standard).

significantly impeded from seeking parole or whether he is subject to only a minor delay. We disagree, however, that the fact that Crosby has no state or federal right to parole means that prison officials may, with impunity, impede his eligibility to seek parole in retaliation for his filing suit against them. Presumably, the District Court will grant Crosby leave to amend his complaint so that he may clarify the impact that his enrollment in these programs has on his ability to seek parole.

Accordingly, we will vacate the District Court's order as to Crosby's retaliation claims and will remand for further proceedings.[4]

Second Supplemental Complaint

Finally, Crosby argues that the District Court erred in denying his motion for leave to file a second supplemental complaint. As mentioned, in that motion, Crosby sought to add new claims against additional Defendants. The District Court may permit a party to file a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." See Fed. R. Civ. P. 15(d). We review the denial of leave to file a supplemental complaint for abuse of discretion. Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 614 F.3d 57, 73 (3d Cir. 2010).

We find that the District Court did not abuse its discretion by denying Crosby leave to supplement his complaint. Although Crosby's second supplemental complaint

---

[4] We note that the District Court did not rule on Crosby's request that the Court issue an injunction prohibiting the Defendants from adding additional programs to his correctional plan which would further interfere with his parole. On remand, the District Court should also address that request as well.

10

included actions which occurred after he filed his original complaint, they involve claims of retaliation against parties other than the named Defendants. The District Court was within its discretion when it found that granting leave to supplement would delay the disposition of the claims against those Defendants, thereby causing them prejudice.

Accordingly, we will affirm the judgment of the District Court in part, vacate in part, and remand for further proceedings consistent with this opinion. Crosby's "Motion to Request Leave to Supplement the Record and Add to Appendix" is denied. His "Motion for Leave to Submit Response to Motion that is in Front of the Panel" is also denied.