# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Mercaldo,                  :

            Appellant     :

                         :

           v.             :    No. 1333 C.D. 2015

                         :    Submitted: November 20, 2015

Kevin Kauffman, Superintendent;   :

C. Wakefield, Deputy Superintendent; :

Captain Sunderland; Lt. Lear;      :

Lt. Lidwell; C.O. Powell          :


BEFORE:   HONORABLE BONNIE BRIGANCE LEADBETTER, Judge[1]

                 HONORABLE P. KEVIN BROBSON, Judge

                 HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**

**BY JUDGE BROBSON**           **FILED: March 31, 2016**


         Appellant Richard Mercaldo (Mercaldo) appeals from an order of the Court of Common Pleas of Huntingdon County (trial court). The trial court sustained the preliminary objections filed by Kevin Kauffman, Superintendent of the State Correctional Institution at Smithfield (SCI-Smithfield), C. Wakefield, Deputy Superintendent at SCI-Smithfield, and four other individuals employed at SCI-Smithfield: Captain Sunderland, Lieutenant Lear, Lieutenant Lidwell, and Corrections Officer Powell (Defendants). In a complaint he filed in the trial court, Mercaldo generally sought to recover costs for the alleged mishandling of and damages to some of Mercaldo's property and the loss of other smaller items and

---

[1] This case was assigned to the opinion writer on or before January 31, 2016, when Judge Leadbetter assumed the status of a senior judge.

two laundry bags filled with some of Mercaldo's clothes. We reverse the trial court's order in part and affirm in part.

The complaint sets forth the following factual averments. Mercaldo is an inmate who is incarcerated at SCI-Smithfield. On August 6, 2014, Mercaldo was removed from his cell and placed in the Restricted Housing Unit (RHU). On August 20, 2014, Mercaldo was released from the RHU and placed in a different cell, K-B-14. Officer Powell supervised the packing of Mercaldo's property, but he did not inventory the property. Apparently, upon arrival at his new cell, Mercaldo found that his typewriter and television had been damaged. In a filed grievance (attached to the complaint as an exhibit), Mercaldo claimed that, in addition to his television and typewriter having been returned in a broken condition, a number of items of his property had not been returned to his new cell. Mercaldo averred that two bags of his laundry (containing seven days of socks, boxer underwear, and t-shirts) went missing.[2] Mercaldo reported the damages and loss of property to RHU staff members.

On August 21, 2014, Mercaldo informed Captain Sunderland regarding the damages and losses, and Captain Sunderland inspected the damaged items and instructed Mercaldo to provide a list of damages and losses to Lieutenant Lidwell. On September 6, 2014, Mercaldo filed Grievance No. SMI-526085-14, in which he asserted that the Defendants had offered him approximately $600 to reimburse him for the damage to his television and typewriter, but that the

_____

[2] Other items Mercaldo claimed were lost include: the laundry bags, wash cloths, handkerchiefs, shoe laces, a shoe brush, a mechanical pencil, laundry detergent, tobacco products, peanut butter, honey, rice, sugar, mustard, ketchup, envelopes, and extension cords. (Complaint para. no. 25.) The list of lost laundry also included seven t-shirts, seven pairs of heavy weight socks, and seven pairs of boxer shorts. (*Id*.)

2

Defendants have refused to refund him for the full amount of his losses and damages, which he described as: (1) damage to the typewriter's LCD display, print wheel alignment control, and printer mechanism; and (2) damage to the control buttons of the television and potentially other unknown damages that a professional repair person might discover. The Defendants' offer included a requirement that Mercaldo purchase a new typewriter and television from the commissary and did not cover full replacement costs. Additionally, Mercaldo complained that if he were to accept the offer, he would lose the value of the typewriter accessories he bought for his typewriter and would be required to buy different accessories for a commissary-purchased typewriter. Mercaldo averred that the Defendants have no right to force him to replace his belongings, rather than to pay for the costs of repair. Further, Mercaldo asserted that if he is required to purchase a new typewriter from the commissary, the Defendants should be required to pay for the cost of the unusable typewriter accessories, which presumably would not be suited to the new typewriter.

Mercaldo requested relief directing the Defendants to pay him $666.41 for the cost to have his television and typewriter repaired. Mercaldo averred that if the cost of repair exceeds that amount, then he should have the right to decide whether to pay for repair or replace the devices. Alternatively, Mercaldo requested that if the trial court were to order him to accept the offer of replacement, the Defendants should compensate him for the cost of the unusable typewriter accessories he purchased for his typewriter.

In Count I of the complaint, Mercaldo sought damages based upon his claim that the Defendants' actions as averred in the complaint constituted an action

in assumpsit *or* replevin. In Count II, Mercaldo claimed that the Defendants acted negligently in the care and custody of his property.

Approximately two weeks after he filed the complaint, Mercaldo filed a petition for temporary restraining order and preliminary injunction, which referred to an attachment identified as a "supplemental complaint[;] request for preliminary injunction[; and] notification to court of change of circumstances." (Certified Record (C.R.), Item no. 5.) Mercaldo asserted that after he filed the complaint, the Defendants deposited $538.42 into his inmate account and confiscated his television and typewriter. In the "supplemental complaint," Mercaldo averred that he had not agreed to accept the amount deposited to cover the damaged items and that the Defendants' act of confiscating his property constituted the commission of numerous crimes. Mercaldo averred that Defendant Sunderland directed other corrections employees to confiscate his television and typewriter and that such action constituted a violation of his due process rights. Mercaldo asserted that he was requesting additional money damages for alleged mental anguish, pain and suffering, compensatory, punitive, and special damages. Additionally, Mercaldo claimed that the Defendants' apparent payment of some compensation constituted an admission that the Defendants had caused the damages to his property.

The Defendants filed preliminary objections to both the original complaint and the "supplemental complaint."[3] In the preliminary objections to the

---

[3] We note here that Pa. R.C.P. No. 1033 provides for amendments with the consent of a defendant or by leave of court. Mercaldo never sought leave of court or the consent of the Defendants to file an amended complaint. Additionally, once the Defendants filed their preliminary objections, Mercaldo had a right to file an amended pleading within twenty days as of course. Mercaldo did not avail himself of that right by filing an amended complaint that **(Footnote continued on next page…)**

4

complaint, the Defendants included: (1) a demurrer to Count I for failure to state a claim upon which relief can be granted based upon sovereign immunity; (2) a demurrer to Count II for failure to state a claim upon which relief can be granted, also based upon sovereign immunity; (3) a motion in the nature to strike the complaint for failure to plead with sufficient specificity under Pa. R.C.P. No. 1028; (4) a motion to dismiss for failure to serve the Defendants or the Office of the Attorney General under Pa. R.C.P. No. 422 and for failure to effect timely original service on the Defendants in violation of Pa. R.C.P. No. 401(a); and (5) a motion to strike for failure to conform the pleadings to Pa. R.C.P. No. 1020. With regard to Mercaldo's alleged failure to plead with specificity and to conform the pleadings to Pa. R.C.P. Nos. 1028 and 1020, the Defendants alternatively requested the trial court to dismiss the complaint without prejudice to permit Mercaldo to file an amended complaint that complies with the pleading and specificity requirements of the Rules of Civil Procedure.

In the preliminary objections to the "supplemental complaint," the Defendants asserted that: (1) they are immune from suit for the causes of action Mercaldo raised therein; and (2) Mercaldo failed to serve the Defendants under Pa. R.C.P. No. 422 and the Attorney General under Section 8523(b) of the Judicial Code, 42 Pa. C.S. § 8523(b). Based upon the failure of Mercaldo to serve the "supplemental complaint" properly, the Defendants asserted that the trial court should dismiss the "supplemental complaint" with prejudice based upon Pa. R.C.P.

---

**(continued…)**

would incorporate any new claims and/or facts set forth in the so-called "supplemental complaint."

5

No. 401(a), which provides that plaintiffs must serve original process upon defendants "within thirty days after the issuance of the writ or the filing of the complaint."

In a response filed to the preliminary objections, Mercaldo did not dispute the Defendants' essential objections regarding his failure to comply with the rules of pleading and service, but he requested the trial court to permit him to file an amended complaint. The trial court sustained the preliminary objections and dismissed the complaint with prejudice.[4] Mercaldo filed an appeal from the trial court's order, and, as directed by the trial court, filed a statement of errors complained of on appeal. Mercaldo raised the following alleged primary errors on the part of the trial court: (1) if service was faulty, then the trial court never had jurisdiction over the complaint and the trial court should have permitted Mercaldo to correct technical mistakes under Pa. R.C.P. No. 1033 or permitted him to refile the complaint, rather than dismiss the complaint with prejudice; and (2) the trial court erred by failing to permit Mercaldo to file an amended complaint that addressed the Defendants' immunity defenses and conformed to the requirements of the Pennsylvania Rules of Civil Procedure, rather than dismiss the complaint with prejudice.

In its Pa. R.A.P. 1925(a) opinion, the trial court rejected Mercaldo's claims of error. First, the trial court concluded that despite faulty service of the

---

[4] The trial court's order also denied Mercaldo's "omnibus motion." That motion appears, in pertinent part, to provide notification to the trial court that Mercaldo expected to be transported from SCI-Smithfield for the purpose of DNA testing in a criminal matter and a request, based upon Mercaldo's assumption that the trial court would dismiss the complaint without prejudice, that he be granted an extension of time, if necessary, to file an amended complaint. (Original Record Item no. 13.)

complaint, the trial court had jurisdiction over the complaint under Article V, Section 5 of the Pennsylvania Constitution, which vests the common pleas courts with original jurisdiction over cases such as Mercaldo's. With regard to Mercaldo's claim that the trial court erred by not permitting him to file an amended complaint before dismissing the matter with prejudice, the trial court concluded that Mercaldo failed to plead facts alleging conduct that falls within an exception to the sovereign immunity provisions of Section 8522 of the Judicial Code, 42 Pa. C.S. §§ 8522. The trial court concluded that even if Mercaldo filed an amended complaint, none of his allegations were actionable.

On appeal,[5] Mercaldo raises the following issues: (1) whether his service of the complaint was faulty, and, if so, whether the trial court should have permitted him to correct defects in service;[6] and (2) whether the trial court erred by

---

[5] Our review of a trial court order sustaining preliminary objections is limited to considering whether the trial court erred as a matter of law. *Valley Forge Towers Apts. N. v. Upper Merion Area Sch. Dist.*, 124 A.3d 363, 366 n.2 (Pa. Cmwlth. 2015). We must accept as true all well-pleaded facts set forth in the complaint and inferences that we may fairly deduce therefrom. *Id.* Where preliminary objections assert a demurrer, a court should sustain preliminary objections only where the factual pleadings clearly are insufficient to support a claim, with all doubt being resolved in favor of the plaintiff. *Id.*

[6] With regard to the service Mercaldo made of the complaint, we note that Mercaldo admits that he attempted to make service by handing the complaint to a person in the prison mail room. As the Defendants note, Pa. R.C.P. No. 400 requires a plaintiff to serve a complaint through a sheriff. Thus, Mercaldo's attempt to serve the complaint upon the Defendants was not effective. Mercaldo also failed to serve the Attorney General, as required by Section 8523(b) of the Judicial Code. The Defendants, citing *McCreesh v. City of Philadelphia*, 888 A.2d 664 (Pa. 2005), acknowledge that, generally, when a plaintiff fails properly to serve necessary parties, a trial court should dismiss a complaint without prejudice, allowing a plaintiff to correct such errors. The Defendants also argue, however, that Mercaldo was required to file a petition to reinstate the complaint. While we agree with the Defendants that the service issue would ordinarily require Mercaldo to file a petition to reinstate, in this case, the Defendants' discussion with regard to the other preliminary objections (at least with regard to their acknowledgment that **(Footnote continued on next page…)**

7

not permitting Mercaldo to correct defects in the complaint, including an alleged failure to include statutory citations relating to the Defendants' sovereign immunity defense.[7]

The Defendants contend that sovereign immunity bars all of Mercaldo's legal claims except his negligence action against Officer Powell, and that neither pleading and/or service corrections nor additional factual averments will alter that outcome.[8] The Defendants argue that the immunity of all the Defendants except Officer Powell is clear, and, therefore, we should affirm the trial court's order and reverse only the trial court's order sustaining the preliminary objections with regard to Officer Powell.

---

**(continued…)**

the trial court erred in sustaining the demurrer to Mercaldo's negligence claim against Officer Powell) appears to reflect a tacit waiver of the personal service requirements. To ease the procedural problems that we would otherwise have to face, and in light of the Defendants' apparent concession with regard to the negligence claim against Officer Powell, we will proceed instead to address the demurrers.

[7] Mercaldo also raises the question of whether the Defendants committed criminal acts in the handling of Mercaldo's claim that the Defendants acted negligently with regard to his property. Such matters are beyond the jurisdiction of this Court as well as beyond the matters a trial court may consider in a civil complaint. Consequently, we need not address this issue.

[8] Generally, and according to the Pennsylvania Rules of Civil Procedure, a party may assert the affirmative defense of sovereign immunity in new matter. Pa. R.C.P. No. 1030. This Court, however, has considered immunity defenses raised in preliminary objections, and rejected a plaintiff's challenges to such objections, where delaying consideration of an immunity defense would serve no purpose. *McDevitt v. Golin*, 386 A.2d 627 (Pa. Cmwlth. 1978) (where immunity defense is clear from face of complaint and addressing immunity issue furthers interest in judicial economy Court may consider immunity defense raised in preliminary objections). In *Wurth v. City of Philadelphia*, 584 A.2d 403, 407 (Pa. Cmwlth. 1990), we held that demurrers based upon immunity were proper where the face of the pleading makes clear that a legal claim does not fall within any exception to sovereign immunity.

8

The Defendants refer us to *DuBree v. Commonwealth*, 393 A.2d 293 (Pa. 1978), where our Supreme Court opined that individual public employees are not vicariously liable for the actions of subordinates merely because the subordinate is in the employee's chain of command. The facts must indicate that each defendant's conduct is actionable. *Id.* In this matter, Mercaldo pleaded specific facts relating to the supervision of packing of Mercaldo's property only by Defendant Powell.[9] Mercaldo pleaded that his property was not inventoried "while being packed under the alleged supervision of . . . [Powell]" and that Sergeant Henry, who is not named as a defendant, "made calls and informed [Mercaldo] that . . . Powell was responsible for packing [Mercaldo's] property." (Complaint para. 12, 15.) Although Mercaldo, in his brief, mentions Defendant Sunderland as a person to whom he reported the damaged television and typewriter, none of his pleadings or the discussion in his brief specifically identify any of the other Defendants as having personal responsibility or involvement in the loss of or damage to his property. Additionally, with regard to Officer Powell, Mercaldo has pleaded no facts implicating him in the loss of his laundry bags and the articles contained therein. Consequently, we conclude that, to the extent that we may read Mercaldo's negligence claim to include his missing laundry, the trial court did not err in sustaining the Defendants' preliminary objection as to all of the Defendants. We will, therefore, affirm the trial court's order regarding the demurrers to the

---

[9] In the course of grievance proceedings, Mercaldo sent a letter to Mr. Kauffman and Captain Sunderland regarding the alleged loss of and damage to his property. In that letter, Mercaldo indicated that Officer Powell "failed to pack my property himself, as required by policy and/or procedure." (Complaint, Exhibit A at 10.) Mercaldo indicated that Officer Powell had three inmates pack the belongings, suggesting that the lack of supervision over the three inmates resulted in the pilfering of his property by the other inmates.

negligence claim as to all of the Defendants, except for the claim against Officer Powell, which is limited to the alleged damages to Mercaldo's television and typewriter, so that the trial court, on remand, may provide Mercaldo with an opportunity to file an amended complaint regarding his allegation that Officer Powell acted negligently in handling his television and typewriter.

Defendants also argue that the trial court did not err in sustaining their demurrer to Mercaldo's replevin and assumpsit claims. We begin with the Defendants' preliminary objection to Mercaldo's replevin claim. "The action of replevin is founded upon the wrongful taking and detention of property and seeks to recover property in possession of another. The value is recovered in lieu of the property only in case a delivery of the specific property cannot be obtained." *Valley Gypsum Co., Inc. v. Pennsylvania State Police*, 581 A.2d 707, 710 (Pa. Cmwlth. 1990). In *Valley Gypsum*, we concluded that an action in replevin does not fall within any exception to immunity contained in Section 8522 of the Judicial Code. *Id*. We also held that "an action for replevin for personal property, as hereinabove set forth, is neither one for damages arising out of a negligent act nor within the purview of the exceptions to sovereign immunity which may impose liability." *Id*. Consequently, we agree with the Defendants' position that the trial court did not err in sustaining the preliminary objection to Mercaldo's replevin claim.[10]

_____

[10] We also agree with the Defendants' assertion that the trial court did not err in dismissing the due process claim Mercaldo raised in the "supplemental complaint." As the Defendants argue, Mercaldo asserts in the "supplemental complaint" that the Defendants illegally confiscated his television and typewriter. Although Mercaldo averred in the complaint that he followed the grievance process when he initially discovered that his television and typewriter had been damaged, he has not averred that he complied with the grievance procedure **(Footnote continued on next page…)**

We now address the merits of the Defendants' demurrer to Mercaldo's assumpsit claim. An action in assumpsit is a common law action in which a plaintiff claims that a defendant breached an express or implied promise to perform some act or make a payment for a plaintiff. Black's Law Dictionary 142 (9th Ed. 2009). In other words, this common law action is one that arises from a contractual arrangement. In making this claim, Mercaldo rests upon the facts recited above. It is not clear from the pleadings whether Mercaldo intended to raise an assumpsit claim with regard to the television and typewriter as well as his missing laundry, but we surmise that this claim primarily related to his missing laundry. The averments relating to the missing laundry indicate that Sergeant Henry called F-Block and was told that the laundry was sent to the laundry department, and that laundry personnel indicated that the laundry department never received the bags of laundry.

Mercaldo has pleaded no facts suggesting that an express or implied promise exists between him and the Defendants. Furthermore, Mercaldo has not pleaded any facts that implicate any of the Defendants in a breach of a quasi-contract that exists with regard to his laundry. Consequently, even if

**(continued…)**

when Defendant Sunderland allegedly directed two SCI-Smithfield corrections officers to confiscate that property. Consequently, we agree with the Defendants' argument that Mercaldo did not exhaust his administrative remedies as to this claim in the "supplemental complaint." *Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2012) (deprivation of inmate property by corrections officials does not support due process claim when inmate has an available and adequate post-deprivation remedy). To the extent that Mercaldo seeks the return of items of clothing, regarding which he pleaded or argued that the Defendants may have confiscated based upon Department regulations limiting the number of such items an inmate may possess, such a claim is not within any exception to sovereign immunity. *Valley Gypsum Co.*, 581 A.2d at 710.

Mercaldo is correct in referring this Court to our decision in *Williams v. Stickman*, 917 A.2d 915, 918 (Pa. Cmwlth.), *appeal denied*, 932 A.2d 1290 (Pa. 2007), where we rejected the argument of corrections officials and employee defendants who claimed that an inmate's assumpsit claim was barred by sovereign immunity,[11] Mercaldo has simply not pleaded any facts that support his claim that a quasi-contract exists with regard to laundry services. The Defendants also rely upon provisions in the Procurement Code[12] relating to the jurisdiction of the Board of Claims to hear claims arising from contracts with the Commonwealth. Based upon our discussion above, we do not need to address this issue.

Accordingly, we affirm the trial court's order in all respects except with regard to Mercaldo's negligence claim against Defendant Powell regarding the television and typewriter. On remand, the trial court is directed to permit Mercaldo to file an amended complaint limited in accordance with this opinion.

_____
P. KEVIN BROBSON, Judge

---

[11] We referred to our decision in *McKeesport Municipal Water Authority v. McCloskey*, 690 A.2d 766 (Pa. Cmwlth.), *appeal denied*, 700 A.2d 445 (Pa. 1997), where we held that the Commonwealth has waived sovereign immunity as a defense in causes of action for assumpsit.

[12] 62 Pa. C.S. §§ 3931-3939.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Mercaldo,                              :
               Appellant          :
                                         :
        v.                        :   No. 1333 C.D. 2015
                                         :
Kevin Kauffman, Superintendent;               :
C. Wakefield, Deputy Superintendent;          :
Captain Sunderland; Lt. Lear;                 :
Lt. Lidwell; C.O. Powell                      :

## **O R D E R**

AND NOW, this 31st day of May, 2016, the order of the Court of Common Pleas of Huntingdon County (trial court) is AFFIRMED in part and REVERSED in part. We AFFIRM the trial court's order sustaining the preliminary objections of defendants Kevin Kauffman, C. Wakefield, Captain Sunderland, Lieutenant Lear, and Lieutenant Lidwell. With regard to Defendant C.O. Powell, we AFFIRM the trial court's order sustaining the preliminary objections relative to Richard Mercaldo's (Mercaldo) replevin and assumpsit claims. With regard to Mercaldo's negligence claim against C.O. Powell, we REVERSE the trial court's order and remand the matter to the trial court with direction that the trial court permit Mercaldo to file an amended complaint against C.O Powell limited to Mercaldo's negligence claim relating to the handling of Mercaldo's television and typewriter.

Jurisdiction relinquished.

---

P. KEVIN BROBSON, Judge