581 A.2d 707

**VALLEY GYPSUM CO., INC.**

v.

**The PENNSYLVANIA STATE POLICE and James Schlier, t/a Schlier's Garage.**

**Appeal of James SCHLIER t/a Schlier's Garage.**

**VALLEY GYPSUM CO., INC., Appellant,**

v.

**The PENNSYLVANIA STATE POLICE and James Schlier, t/a Schlier's Garage, Appellees.**

Commonwealth Court of Pennsylvania.

Argued April 6, 1990.
Decided Oct. 24, 1990.

Robert M. Davison, Miller & Davison, Bethlehem, for appellant/appellee Valley Gypsum Co., Inc.

Joanna N. Reynolds, Asst. Counsel, Harrisburg, for appellee/appellant The Pennsylvania State Police.

George W. Westervelt, Jr., Stroudsburg, for appellee/appellant, James Schlier, t/a Schlier's Garage.

Before COLINS and SMITH, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

On November 14, 1988, Valley Gypsum Co., Inc. (Valley) filed a civil action in replevin against The Pennsylvania State Police (State Police) and James Schlier, t/a Schlier's Garage (Schlier).

The circumstances giving rise to this action are as follows. Valley is the owner of a trailer vehicle which, while being pulled by a tractor driven by William H. Bono on Route 80 in Monroe County, Pennsylvania, on April 19, 1986, left the roadway and crashed into trees. The top of the trailer was sheared off and both the tractor and trailer came to rest on their sides. Bono died as a result of the accident.

Trooper Gibson, a state police officer, upon arriving at the scene and having learned of the death of Bono, impounded the tractor and trailer pending an investigation of the condition of the brakes of the tractor and trailer. Trooper Gibson contacted his station and personnel at the station contacted Schlier to tow the tractor and trailer to his garage. Schlier, pursuant to the State Police request, did pick up the tractor and the trailer from the scene of the accident and towed them to his garage in Tannersville, PA. The impounding of the tractor-trailer by the State Police and the request that Schlier pick up the vehicles and take them to his garage, were done without the knowledge or consent of Valley.

Valley's claim against both the State Police and Schlier is to obtain possession of the trailer,[1] and alternatively, to recover the value of the trailer and damages for loss of use of the trailer.

The State Police filed an answer and new matter to Valley's complaint, raising immunity to suit pursuant to 1 Pa.C.S. § 2310. Schlier filed its answer and new matter to Valley's complaint. In its new matter, Schlier asserted a claim against Valley for $25,000 for storage of the trailer from April 19, 1986 through January 3, 1989.[2] On April 25, 1989, the State Police filed a motion for summary judgment, which the trial court granted on May 30, 1989. Valley entered judgment on the May 30, 1989 order on June 29, 1989 and simultaneously filed a notice of appeal to this court. This appeal is docketed at 1317 C.D. 1989.

Valley's claim against Schlier and Schlier's counterclaim against Valley were tried non-jury on June 9, 1989 and resulted in the following verdict on the same date.

1. Plaintiff Valley Gypsum Co., Inc. is entitled to possession of the 1980 Summit trailer presently in the possession of the Defendant James Schlier t/a Schlier's Garage.

2. Defendant James Schlier t/a Schlier's Garage is awarded the sum of $3,840 in damages on his counterclaim.

On June 19, 1989, Schlier filed a "Post–Trial Motion For Reconsideration and Exceptions" seeking a new trial. On June 22, 1989,[3] Valley filed a motion for post-trial relief seeking judgment in its favor. By order dated July 6, 1989, the trial court scheduled argument on the post-trial relief motions of both Schlier and Valley for August 7, 1989. On July 7, 1989, Schlier filed an appeal to this court from the non-jury verdict of the trial court entered on June 9, 1989. This appeal is docketed at 1300 C.D. 1989.

1. The tractor is not involved in this proceeding.

2. This was treated as a counterclaim by the trial court.

3. Valley also filed a supplemental motion for post-trial relief on July 3, 1989.

On July 27, 1989, pursuant to Pa.R.A.P. 1701, the trial court dismissed "All Post–Trial Motions" . . . "for lack of jurisdiction," for the expressed reasons of Valley and Schlier filing a notice of appeal to this Court on June 29, 1989 and July 7, 1989, respectively. Valley's notice of appeal, filed June 29, 1989, was an appeal from the trial court's May 30, 1989 grant of the State Police's motion for summary judgment.

### Post–Trial Relief Motions of Valley and Schlier

Valley filed a motion for post-trial relief on June 22, 1989 from the trial court's June 9, 1989 verdict in favor of Schlier; at the time of the trial court's order of July 27, 1989, Valley's post-trial relief motion was pending, undisposed and awaiting argument before the trial court on August 7, 1989. Valley took no action relative to its post-trial motion to divest the trial court of jurisdiction to dispose of it.

Schlier filed a motion for post-trial relief on June 19, 1989 seeking, in effect, a new trial by reason of not being awarded the full amount of damages claimed.

■ For reasons not appearing of record, and in the face of the trial court's order of July 6, 1989 scheduling argument for August 7, 1989 on both Valley's and Schlier's post-trial relief motions, Schlier, on July 7, 1989, filed a notice of appeal to this court from the non-jury verdict entered by the trial court on June 9, 1989. This appeal is docketed at 1300 C.D. 1989. Schlier, by filing a notice of appeal from the non-jury verdict of June 9, 1989 while its post-trial motion was pending, divested the trial court of authority to dispose of the same. It was the appeal by Schlier which frustrated the orderly disposition of the post-trial relief motions.

■ By reason of the foregoing, we, *sua sponte*, quash the appeal of Schlier at 1300 C.D. 1989, vacate the trial court's order of July 27, 1989 dismissing the post-trial relief motions of Valley and Schlier, and remand to the trial court

to dispose of the post-trial relief motions filed by Valley and Schlier.

### Summary Judgment Order In Favor of the State Police

Valley's appeal of June 29, 1989, referred to in the trial court's order of July 27, 1989, which is docketed at 1317 C.D. 1989, was an appeal from the trial court's grant of the State Police's motion for summary judgment. This appeal is properly before us for disposition.

■ The claim against the State Police is asserted in a civil action of replevin. The action of replevin is founded upon the wrongful taking and detention of property and seeks to recover property in the possession of another. The value is recovered in lieu of the property only in case a delivery of the specific property cannot be obtained. Replevin is a possessory action in which the issues are plaintiff's title and right of possession. The primary relief sought is the return of the property itself, the damages being merely incidental. 17 STANDARD PA. PRACTICE 2d §§ 96:1–3.

■ In its complaint in replevin, Valley seeks of the State Police (1) to obtain possession of the trailer, (2) alternatively, in lieu of possession, the money value of the trailer, and (3) loss of use or damage to the property. The State Police answered Valley's complaint in replevin and raised immunity from suit in new matter. After discovery, the State Police moved for summary judgment which the trial court granted and we affirm.

The legislature affirmed sovereign and official immunity and immunity from suit for the Commonwealth, its officials and employees acting within the scope of their duties. 1 Pa.C.S. § 2310. Under authority granted to it, the legislature enacted certain enumerated exceptions to sovereign immunity waiving:

[I]n the instances set forth in subsection (b) only and only to the extent set forth in this subchapter ... sovereign

immunity as a bar to an action against Commonwealth parties, *for damages arising out of a negligent act* where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity. 42 Pa.C.S. § 8522(a). (Emphasis added.)

The legislature then set forth nine (9) general acts [4] by a Commonwealth party which may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity is not to be raised. 42 Pa.C.S. § 8522(b).

The totality of the Act providing for exceptions to sovereign immunity requires that damages arise out of a negligent act and the negligence occur within one or more of the nine (9) acts which may impose liability.

Clearly, an action of replevin for personal property, as hereinabove set forth, is neither one for damages arising out of a negligent act nor within the purview of the exceptions to sovereign immunity which may impose liability.

## ORDER

AND NOW, this 24th day of October, 1990, it is ORDERED as follows:

1. The appeal filed at 1300 C.D. 1989 is quashed.

2. The order of July 27, 1989 dismissing all post-trial motions is vacated.

3. The case is remanded to the trial court for disposition of the post-trial relief motions of Valley Gypsum Co., Inc., and James Schlier, t/a Schlier's Garage.

4. The trial court's order of May 30, 1989 granting The Pennsylvania State Police motion for summary judgment is affirmed.

**4.** (1) Vehicle liability, (2) Medical-professional liability, (3) Care, custody or control of personal property, (4) Commonwealth real estate, highways and sidewalks, (5) Potholes and other dangerous conditions, (6) Care, custody or control of animals, (7) Liquor store sales, (8) National Guard activities, (9) Toxoids and vaccines.