# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Caine Pelzer,                                    :
                                                 : No. 2050 C.D. 2015
                    Appellant                    : Submitted: April 22, 2016
                                                 :
              v.                                 :
                                                 :
Property Officer Pry, C01,                       :
Property Officer Jenkins, C01,                   :
John Doe 1, John Doe 2,                          :
John Doe 3 Security Officer,                     :
John Doe 4 Security SGT                          :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                          FILED: August 12, 2016


          Caine Pelzer appeals, *pro se*, from the September 28, 2015, order of the
Court of Common Pleas of Clearfield County (trial court),[1] which dismissed Pelzer's
motion for summary judgment and granted the motion for summary judgment filed
by Property Officer Pry C01, Property Officer Jenkins C01, John Doe 1, John Doe 2,
John Doe 3 Security Officer, and John Doe 4 Security Sergeant (collectively,
Defendants).  We affirm.

---

[1] Pelzer is presently serving an aggregate sentence of 22 to 44 years' imprisonment, which
the trial court imposed on April 15, 2002.  (Trial Ct. Op. at 1 n.1.)

On July 5, 2011, Pelzer filed an action in replevin[2] and a writ of seizure (Complaint) against Defendants, all of whom are employees of the State Correctional Institution (SCI) at Houtzdale, in their individual and official capacities. In his Complaint,[3] Pelzer alleged the following:

> 10. Plaintiff, Caine Pelzer had his property pack[ed] by SCI-Somerset on November 14, 2010 to be transferred to SCI-Houtzdale[,] which property consisted of nine (9) [b]oxes of property. Each box specifically had an individual inventory sheet documenting what was stored in each box[.] Each inventory sheet was signed by [Pelzer] and two (2) corrections officers at SCI-Somerset documenting its contents and the fact of it being in working/operable condition before being shipped to SCI-Houtzdale.
>
> 11. [Officers] Pry and Jenkins received [Pelzer's] property from the security department at SCI[-]Houtzdale on November 25, 2010[,] which consisted of 4 boxes of property, (specifically) one (1) footlocker and three (3) brown boxes of [Pelzer's] property (one damaged television which seemed like the bottom was hammered out) and 8 inventory slips missing.
>
> 12. [Officers] Pry and Jenkins inventoried [Pelzer's] 4 boxes of property and documented that the television was damaged and all but 1 inventory slip was present which did

---

[2] "Replevin is a possessory action in which the issues are [the] plaintiff's title and right of possession." *Valley Gypsum Company v. Pennsylvania State Police*, 581 A.2d 707, 710 (Pa. Cmwlth. 1990). "In order to maintain [an action in] replevin, the plaintiff must have a general or special property right in the thing taken or detained." *International Electronics Company v. N.S.T. Metal Products Company*, 88 A.2d 40, 42 (Pa. 1952).

[3] After this court issued its decision in Pelzer's first appeal, Pelzer's July 5, 2011, Complaint was lost. (Trial Ct. Order, 10/24/13, at 1.) Thus, Pelzer re-filed his Complaint in the trial court on May 30, 2013. (*Id.* at 2.) All references to Pelzer's Complaint herein are to the May 30, 2013, Complaint.

not record all of [Pelzer's] property. This was conducted on November 25, 2010.

13. On November 25, 2010, [Pelzer] filed grievance # 345383 documenting [Pelzer's] lost lawsuits and caseload to case # 12727-2009 Luzerne Courthouse and [S]uperior Court # 1385 MDA 2010[] [a]s well as ([n]ine) law books . . . .[4]

14. On November 25, 2010, [Officers] Pry and Jenkins confiscated [Pelzer's] property and took it somewhere off the housing unit (allegedly to security) and wrote a misconduct on [Pelzer] because he refuse[d] to throw away any property due to the fact [that] 5 boxes were missing.

15. On December 9th, 2010[,] John Doe 1, 2, 3, [and] 4 did another inventory on [Pelzer's] property with the same 4 boxes as the November 25, 2010 inventory. No previous inventory slips were found, but this time [Pelzer] was told to take (2) boxes of property in his cell and that (2) boxes would be stored in property rooms located in this housing unit.

16. After it was discovered the other boxes would not be located, grievance No[.] 346908 was filed and a [t]elevision of lesser value was placed somewhere in [Pelzer's] storage area. All law books and legal documents have been kept from [Pelzer] as well as all inventory sheets documenting said lost property.

17. Defendants involved acknowledge the fact that [Pelzer] was received at [SCI-H]outzdale with 9 boxes of property but has failed to protect [Pelzer's] property knowing the record is clear showing such deprivation of property without due process of law.

---

[4] Pelzer withdrew Grievance No. 345383 on December 9, 2010. (*See* Defs.' Summ. Judg. Mot., Ex. H.) According to Pelzer, "due to the fact of the [television] being handled in accordance with [Department policy,] said Grievance No[.] 345383 was withdrawn as being partially resolved." (*Id.*, Ex. I.)

(Compl. ¶¶ 10-17.) Pelzer also alleged that Defendants negligently lost or destroyed Pelzer's property while acting in the course of their official duties as Department of Corrections (Department) employees. (*Id.* ¶ 19.) Pelzer further alleged that he does not know the whereabouts of his missing boxes. (*Id.* ¶ 21.)

On July 7, 2011, the trial court *sua sponte* dismissed Pelzer's Complaint as frivolous for failure to state a claim under Pa. R.C.P. No. 240(j)(1). Pelzer appealed to this court, which concluded that the trial court erred in dismissing Pelzer's Complaint because the Complaint stated *prima facie* claims for replevin and negligence. *Pelzer v. Pry*, (Pa. Cmwlth., No. 50 C.D. 2012, filed May 15, 2013), slip op. at 7, 11. Therefore, we vacated the trial court's order and remanded for further proceedings.

Following remand, both Pelzer and Defendants moved for summary judgment. On September 28, 2015, the trial court dismissed Pelzer's motion and granted Defendants' motion. The trial court found that Pelzer's Complaint, although couched as a civil action in replevin, was "merely [an] attempt[] to appeal the outcome of his misconduct hearing and grievance." (Trial Ct. Op. at 5.) Therefore, the trial court concluded that it lacked jurisdiction to review the outcomes of Pelzer's misconduct and grievance, citing *Bronson v. Central Office Review Committee*, 721 A.2d 357 (Pa. 1998). (*Id.* at 6-7.) Pelzer now appeals to this court.[5]

---

[5] Our scope of review of a trial court's order granting summary judgment is plenary. *County of Beaver v. Sainovich*, 96 A.3d 421, 426 n.5 (Pa. Cmwlth. 2014) (*en banc*), *appeal denied*, 112 A.3d 654 (Pa. 2015). We will reverse only where the trial court "committed an error of law or clearly abused its discretion." *Id.*

4

On appeal, Pelzer asserts that the trial court erred in concluding that it lacked jurisdiction because Pelzer's Complaint alleged a valid constitutional claim. We disagree.

In *Bronson*, the Pennsylvania Supreme Court held that Department decisions involving internal prison operations are beyond the scope of this court's original and appellate jurisdiction. 721 A.2d at 358-59. The *Bronson* Court reasoned that "internal prison operations are more properly left to the legislative and executive branches, and . . . prison officials must be allowed to exercise their judgment in the execution of policies necessary to preserve order and maintain security free from judicial interference." *Id*. at 358. An internal Department decision may be subject to appellate review only "if an inmate can identify *a personal or property interest which is not limited by Department regulations* and which is affected by a final decision of the Department." *Lawson v. Department of Corrections*, 539 A.2d 69, 71 (Pa. Cmwlth. 1988) (emphasis added); *see Hill v. Department of Corrections*, 64 A.3d 1159, 1167 (Pa. Cmwlth. 2013) (noting that the exception to the general prohibition against judicial review of internal Department decisions is narrow).

Here, Pelzer failed to allege a personal or property interest that is not limited by Department regulations. Inmates do not have a right to possess whichever personal items they choose. *See Bronson*, 721 A.2d at 359 ("Prison inmates do not enjoy the same level of constitutional protections afforded to non-incarcerated citizens."). Rather, Department directives specify both the quantity and the types of personal property that an inmate may possess. (*See* Defs.' Summ. Judg. Mot., Exs. C-E.) Section 3(B)(9) of DC-ADM 815 provides that "[a]n inmate may not exceed the property limits established by the Department" and that any excess property "may

5

be shipped out at the inmate's expense or destroyed." (*Id.*, Ex. E.)  Thus, because Department directives expressly limit an inmate's possession of personal property, Pelzer cannot assert a constitutional claim based on the Department's application of its internal policy.  *See Bronson*, 721 A.2d at 359 ("Even if [Bronson] had invoked the court's original jurisdiction by attempting to color the confiscation of his clothing as a violation of his protected constitutional property rights, his claim would fail.").

Pelzer asserts that he properly raised a cognizable constitutional claim because the Complaint alleged that Defendants' "loss and destruction of [Pelzer's] property" violated his due process rights under the Pennsylvania and United States Constitutions.  (Compl. ¶¶ 17-19.)  We cannot agree.  Pelzer's Grievance No. 346908 proceeded through each level of the Department's internal appeals process.[6]  In the final administrative appeal, the Chief Grievance Officer determined that Pelzer had discarded five boxes of his property in order to comply with the Department's property limitation policy.  (Defs.' Summ. Judg. Mot., Ex. I.)  Thus, although Pelzer baldly asserts a due process violation, he is actually contesting the factual findings resolved via the Department's internal grievance process, which is beyond the scope of both this court's and the trial court's jurisdiction.  *See Bronson*, 721 A.2d at 358-59; *Brown v. Department of Corrections*, 913 A.2d 301, 305 (Pa. Cmwlth. 2006)

---

[6] Our court has explained the prisoner grievance system as follows:

> The Department maintains a prisoner grievance system[,] which allows prisoners to seek review of problems [that] they experience during their period of incarceration. [Under that] system, a prisoner files an initial grievance with the prison staff.  He [or she] can then appeal that decision to the superintendent of the prison and, as a final appeal within the Department, a prisoner may appeal the grievance to the chief grievance officer of the Department.

*Iseley v. Beard*, 841 A.2d 168, 170 n.5 (Pa. Cmwlth. 2004).

(stating that the jurisdictional limitations recognized in *Bronson* also apply to the courts of common pleas).

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

Judge Cosgrove did not participate in the decision of this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Caine Pelzer,                                   :
                                                : No. 2050 C.D. 2015
                    Appellant                    :
                                                :
            v.                                   :
                                                :
Property Officer Pry, C01,                       :
Property Officer Jenkins, C01,                   :
John Doe 1, John Doe 2,                          :
John Doe 3 Security Officer,                     :
John Doe 4 Security SGT                          :


O R D E R


        AND NOW, this 12th day of August, 2016, we hereby affirm the
September 28, 2015, order of the Court of Common Pleas of Clearfield County.


                                    _____
                                    ROCHELLE S. FRIEDMAN, Senior Judge