IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Milan Marinkovich, member : 
of the Democrat Party of : 
Washington County, : 
: 
Appellant : 
: 
v. : No. 1079 C.D. 2018
: Submitted: October 26, 2018
George Vitteck, Past Chairman of the : 
Democrat Party of Washington : 
County, and Ron Sicchitano, Present : 
Chairman of the Democrat Party of : 
Washington County : 


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                          FILED: March 27, 2019


        Milan Marinkovich (Marinkovich) appeals the order of the Washington County Common Pleas Court (trial court) sustaining the preliminary objections (POs) of George Vitteck (Vitteck) and Ron Sicchitano (Sicchitano) and dismissing Marinkovich's Amended Complaint with prejudice. We affirm.

        On August 15, 2016, Marinkovich filed an Amended Complaint in which he alleged that he is a member of the Democrat Party of Washington County (Party)[1] and was filing this matter on his behalf and that of other Party members.

---

[1] Although named as the "Democrat Party" in the Amended Complaint and "Democrat Committee Members" in Exhibit A, the other exhibits appended to the Amended Complaint
**(Footnote continued on next page…)**

Reproduced Record (R.R.) at 6a. The Amended Complaint also alleged that Vitteck, the past Party Chairman, has in his possession the following property owned by the Party: (1) two computers, monitors, printers, and keypads; (2) checkbook registers; (3) monthly statements for Party bank accounts; (4) cancelled checks; (5) deposit slips and receipts for purchases through the use of an ATM card used while he was Chairman; (6) minutes of meetings held while he was Chairman; and (7) a credit card used while he was Chairman. *Id.* at 7a.

The Amended Complaint claimed that Vitteck and Sicchitano, the present Party Chairman, had expended monies and refused to submit to an examination or audit of "the books, ledgers, and credit cards" in their possession,[2] and had expended funds and incurred debt in excess of $500.00, in violation of the Party's by-laws. *See* R.R. at 6a-15a. Accordingly, Marinkovich asked the trial

---

**(continued…)**

indicate that the "Democratic Party" of Washington County is the actual political party involved in the instant matter. *See* Reproduced Record (R.R.) at 24a, 26a-29a, 32a, 36a.

[2] Marinkovich cites Rule III, Section 8(c) of the Rules of the Democratic Party of the Commonwealth of Pennsylvania requiring the State Committee Chair to appoint "[a] CPA firm to audit the financial transactions of the previous term," and not a similar provision in the Party's by-laws. *See* R.R. at 32a; Section 804 of the Election Code, Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §2834 ("Each political party shall be directed by a State committee, to be chosen in such a manner and for such a term of office as party rules may provide. . . . The State committee of each political party may make such rules for government of the party in the State, not inconsistent with law, as it may deem expedient; and may also revoke, alter or renew, in any manner not inconsistent with law, any present or future rules of such political party."). Moreover, the Amended Complaint does not allege that the Party has imposed such an audit requirement upon the County Chairman in its by-laws. *See* Section 807 of the Election Code, 25 P.S. §2837 ("The county committee of each party may make such rules for the government of the party in the county, not inconsistent with law or with the State rules of the party, as it may deem expedient, and may also revoke, alter or renew in any manner not inconsistent with law or with such State rules, any present or future county rules of such party.").

2

court to compel Vitteck to return all requested Party property[3] and improperly spent funds to the Party, and to compel Sicchitano to comply with the Party by-laws and conduct an audit. *See id.* at 11a, 15a.

The Party, Vitteck, and Sicchitano filed the instant POs alleging, *inter alia*, that Marinkovich does not have standing to file and prosecute the instant action. R.R. at 41a, 42a, 54a-55a. Specifically, the POs asserted that Marinkovich does not have standing because he is not a Party officer and that only its current

---

[3] As this Court has stated:

> The action of replevin is founded upon the wrongful taking and detention of property and seeks to recover property in the possession of another. The value is recovered in lieu of the property only in case a delivery of the specific property cannot be obtained. Replevin is a possessory action in which the issues are plaintiff's title and right of possession. The primary relief sought is the return of the property itself, the damages being merely incidental.

*Valley Gypsum Co. v. Pennsylvania State Police*, 581 A.2d 707, 710 (Pa. Cmwlth. 1990) (citation omitted). Further, as the Supreme Court has explained:

> Replevin is an action undertaken to regain possession of goods and chattels and to recover damages for their caption and detention, by the illegal act of the defendant. In order to maintain replevin, the plaintiff must have a general or special property right in the thing taken or detained. The common law view was that replevin lay only for goods wrongfully distrained, which, of course, presupposed a prior possession by plaintiff. The modern rule is, however, that one may maintain replevin if he has the right of possession irrespective of whether or not he has ever had actual possession. In order to sustain replevin, it is incumbent on the plaintiff to show not only that he has title, but that he has also the right of immediate possession.

*International Electronics Co. v. N.S.T. Metal Products Co., Inc.*, 88 A.2d 40, 42-43 (Pa. 1952) (citation omitted).

Chairman or Executive Committee members have the authority or capacity to file and prosecute the instant action on the Party's behalf or seek an audit and the return of the Party's funds and property. *Id.*

> [Marinkovich] filed the complaint as a member of the [Party]. He did not aver that he held any office within that organization, or that he was an elected committeeman, although the Court notes that in Exhibit A of the Amended Complaint, [he] signed a petition as a "Washington County Democrat Committee Member." Simply being a member of an organization does not give the member standing to sue the officers of that organization for violating a by-law policy. No allegation was made that [Marinkovich] was aggrieved in a substantial way; rather the allegations conclude that [he] may be affected in a general way, but not more or no less than any other member of the organization. Marinkovich had no special or direct interest in the outcome, other than as a member of the [P]arty wanting the organization to adhere to the governing by-laws. Considering all of his facts as true, [Marinkovich] did not establish that he had a substantial, direct and immediate interest in the outcome of the litigation.

R.R. at 78a-79a. Accordingly, the trial court sustained the POs and dismissed Marinkovich's Amended Complaint with prejudice and he filed this appeal.[4]

---

[4] The instant appeal was filed in the Pennsylvania Superior Court. However, the Superior Court cancelled argument and transferred the matter to this Court on the basis that it lacked appellate jurisdiction under Section 742 of the Judicial Code, 42 Pa. C.S. §742, and that this Court possessed jurisdiction under Section 762(a)(4)(i)(C) of the Judicial Code, 42 Pa. C.S. §762(a)(4)(i)(C). *Marinkovich v. Vitteck* (Pa. Super., No. 1772 WDA 2017, filed June 25, 2018), slip op. at 3-5. However, the Superior Court subsequently exercised jurisdiction over, considered the merits of, and disposed of an appeal of a trial court order in a replevin action filed by the Party against Marinkovich seeking the return of Party property. *See Democratic Party of Washington County v. Marinkovich* (Pa. Super., No. 282 WDA 2017, filed October 10, 2018). Nevertheless, it appears that this Court has been conferred appellate jurisdiction over this case pursuant to Section 762(a)(5)(ii) of the Judicial Code, which states that this "Court shall have **(Footnote continued on next page…)**

4

However, after reviewing the record, Marinkovich's brief, and the law,[5] we conclude that the appellate issues have been ably resolved in the thorough and well-reasoned opinion of Judge Katherine B. Emery, and affirm on the basis of her opinion in the matter of *Marinkovich v. Vitteck* (C.P. Wash., No. 2016-4063, filed March 7, 2018).

 

 

MICHAEL H. WOJCIK, Judge

 

 

Judge Covey concurs in the result only.

---

**(continued…)**

exclusive jurisdiction of appeals from final orders of the courts of common pleas in . . . [a]ll actions or proceedings otherwise involving the corporate affairs of any corporation not-for-profit subject to Title 15 or the affairs of the members, security holders, directors, officers, or employees or agents thereof." 42 Pa. C.S. §762(a)(5)(ii). *See also* Comment to Section 9112 of the Pennsylvania Uniform Unincorporated Nonprofit Association Law, 15 Pa. C.S. §9112 cmt. ("This chapter applies to all nonprofit associations, whether they be classified as religious, public benefit or mutual benefit or whether they are classified as tax exempt. Therefore, the chapter covers unincorporated philanthropic, educational, scientific, social and literary clubs, unions, trade associations, political organizations, such as political parties . . . .").

[5] Our review of the trial court's order sustaining preliminary objections and dismissing the Amended Complaint is limited to a determination of whether the court abused its discretion or committed an error of law. *Minor v. Kraynak*, 155 A.3d 114, 121 (Pa. Cmwlth. 2017). Preliminary objections should be sustained only in cases when, based on the facts pleaded, it is clear and free from doubt that the facts pleaded are legally insufficient to establish a right to relief. *Id.* "In Pennsylvania, a party seeking judicial resolution of a controversy must establish as a threshold matter that he [or she] has standing to maintain the action. . . . Threshold issues of standing are questions of law; thus, our standard of review is *de novo* and our scope of review is plenary." *Gordon v. Philadelphia County Democratic Executive Committee*, 80 A.3d 464, 470 (Pa. Super. 2013) (citation omitted).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Milan Marinkovich, member : 
of the Democrat Party of : 
Washington County, : 
  : 
              Appellant : 
  : 
           v. : No. 1079 C.D. 2018
  : 
George Vitteck, Past Chairman of the : 
Democrat Party of Washington : 
County, and Ron Sicchitano, Present : 
Chairman of the Democrat Party of : 
Washington County : 

# **O R D E R**

AND NOW, this 27th day of March, 2019, the order of the Washington County Court of Common Pleas dated October 30, 2017, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge

Copies:  Dennis P. Popojas, Esq.; Charles E. Kurowski, Esq.

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA

CIVIL COURT DIVISION

| | | |
|---|---|---|
| MILAN MARINKOVICH, member,<br>Of the DEMOCRAT PARTY OF<br>WASHINGTON COUNTY,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE VITTECK, PAST CHAIRMAN<br>OF THE DEMOCRAT PARTY OF<br>WASHINGTON COUNTY, AND RON<br>SICCHITANO, PRESENT CHAIRMAN<br>OF THE DEMOCRAT PARTY OF<br>WASHINGTON COUNTY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO. 2016-4063 |

FILED 2016 MAR -7 AM 11:36 PROTHONOTARY WASHINGTON CO. PA.

## TRIAL OPINION PURSUANT TO PA. R.A.P. 1925

The Appellant is Milan Marinkovich, the Plaintiff in the case.  The Court sustained the Preliminary Objections filed by the Defendants, George Vitteck and Ron Sicchitano, finding that the Plaintiff lacked standing to bring this action and dismissed the case with prejudice.  This timely appeal ensued.

## FACTUAL AND PROCEDURAL BACKGROUND

The Appellant, Milan Marinkovich, was a member of the Democrat Party of Washington County.  He filed this action against George Vitteck, the former Chairman of the Democrat Party, and Ron Sicchitano, the then current Chairman of the Party.  The crux of the Complaint was that Vitteck spent money in excess of $500 without approval of the Party's Committee in

1

violation of the Party's by-laws. (¶s 19, 20 Amended Complaint) The claims against Sicchitano was that he has failed to conduct an audit of Vitteck's term in office in violation of the State by-laws (¶31, Amended Complaint) and/or failed to make Vitteck account for all expenditures while Vitteck was in office. (¶ 39, Amended Complaint) The relief requested was to compel Vitteck to return all financial material to the Party and to reimburse the Party for unauthorized expenditures and for Sicchitano to conduct an audit.

The Plaintiff brought this action individually as a member of the Democrat Party of Washington County.[1] The named Defendants filed Preliminary Objections and the Plaintiff filed Objections to the Preliminary Objections filed by Dennis J. Popojas, Esq. This Court considered that pleading as a response to the Preliminary Objections.[2] The Preliminary Objections of the Defendants asserted that the Complaint failed to conform to the rules of court, that the Plaintiff had no standing to sue, that a non-statutory remedy existed, and that a pendency of a prior action precluded this Complaint. The Court found that the Defendant lacked standing to bring the cause of action and dismissed the Complaint.

## COURT'S DECISION AND RATIONALE

When considering preliminary objections, the Court must accept all material facts set forth in the Amended Complaint as true, as well as all inferences reasonably deducible therefrom. Preliminary objections should only be sustained in cases in which it is clear from doubt that the one asserting the cause will be able to prove facts legally sufficient to establish the

---

[1] In the Amended Complaint, the Plaintiff avers "Joining in this Complaint collectively are the parties signing the attached verifications/petitions, who are members of the Democrat Party of Washington County..." ¶3 Amended Complaint. Those 18 individuals were not named in the Complaint nor had they verified the Complaint. In the Plaintiff's Response to the Preliminary Objections, styled as "Objections to the Preliminary Objections filed by Dennis J. Popojas, Esq." filed September 23, 2016 the Plaintiff acknowledged that he is the lone Plaintiff and was brining suit as a member of the Democrat Party of Washington County.

[2] Preliminary Objections to the Amended Complaint were also filed by the Democrat Party of Washington County claiming it was also a Defendant. The Court granted Plaintiff's Preliminary Objections to those Preliminary Objections as a non-party cannot file Preliminary Objections. This is not an issue on appeal.

2

right to relief. *Feingold v. Hendrzak*, 15 A.3d 937, 2011 Pa. Super. 34. In seeking judicial resolution of a controversy, a party must establish as a threshold matter that he has standing to maintain the action. *Pittsburgh Palisades Park, LLC v. Commonwealth*, 888 A.2d 655, 585 Pa. 196 (2005). For a person to have standing, he must be aggrieved and an individual can demonstrate he is aggrieved if he has a substantial, direct, and immediate interest in the outcome of the litigation. *City of Philadelphia v. Commonwealth*, 838 A.2d 566, 575 Pa. 542 (2003) "A "substantial" interest is an interest in the outcome of the litigation which surpasses the common interest of all citizens in procuring obedience to the law; a "direct" interest requires a showing that the matter complained of caused harm to the party's interest; an "immediate" interest involves the nature of the causal connection between the action complained of and the injury to the party challenging it." *Gordon v. Philadelphia County Democratic Executive Committee*, 80 A.3d 464, 470, 2013 Pa. Super. 291, quoting *Pennsylvania Medical Soc. V. Department of Public Welfare of Com.*, 614 Pa. 574, 39 A.3d 267, 278 (2012). In establishing that a party has a substantial, direct, and immediate interest, the party must prove that he is affected in more than a general way. Id. at 577 The party must have an interest which surpasses the common interest of all citizens in procuring obedience to the law or justice. In Re: Hickson, 821 A.2d 1238, 573 Pa. 127 (2003)

In the case sub judice, Appellant Marinkovich filed the complaint as a member of the Democrat party. He did not aver that he held any office within that organization, or that he was an elected committeeman, although the Court notes that in Exhibit A of the Amended Complaint, the Plaintiff signed a petition as a "Washington County Democrat Committee Member." Simply being a member of an organization does not give the member standing to sue the officers of that organization for violating a by-law policy. No allegation was made that the Appellant was

3

aggrieved in a substantial way; rather, the allegations conclude that the Appellant may be affected in a general way, but not more or no less than any other member of the organization. Marinkovich had no special or direct interest in the outcome, other than as a member of the party wanting the organization to adhere to the governing by-laws. Considering all of his facts as true, the Appellant did not establish that he had a substantial, direct and immediate interest in the outcome of the litigation.

## ISSUES ON APPEAL

The Statement of Matters Complained of on Appeal filed by the Appellant contains seven (7) numbered items. The purpose of a 1925 Statement is to provide the trial judge with the issues raised so that the trial opinion can focus on those issues and allow for a meaningful and effective appellate review. _Commonwealth v. Costillo_, 888 A.2d 775, 585 Pa. 395 (2005) Pennsylvania Rules of Appellate Procedure set forth the procedures and parameters of an acceptable 1925 Statement. The Rule provides in part "The statement should not be redundant or provide lengthy explanation as to any error..." Pa. R.A.P. 1925(b)(4)(iv). The Statement here is just that – it is redundant and gives lengthy explanations as to any error. This Court has wrestled with the question of whether due to the nature of the Statement, all issues are waived. Waiver due to vagueness or redundancy in the 1925 Statement is not demarcated by a bright line such as exists with the failure to file a timely statement. Rather, the Court must look to the Statement in its entirety and address the issues that are clearly presented. The order which is the subject of this appeal addressed one issue – whether the Plaintiff had standing to sue. In his 1925 Statement, the Appellant repeatedly refers to two cases which he asserts are dispositive and which the Court erred by failing to follow. The Court will address these two cases.

4

*Bentman v. Seventh Ward Democratic Executive Committee*, 421 Pa. 188, 218 A.2d 261
(1925 Statement ¶s 1, 2, 3, 4, 5, 6)

The four plaintiffs in *Bentman* were two elected committeemen who were removed from their elected position by the Executive Committee and two voters who had cast votes for the two removed committeemen. They collectively filed a mandamus action against the Executive Committee seeking reinstatement. The trial court sustained preliminary objections finding that the Court would not interfere with the internal organization of a political party. The Pennsylvania Supreme Court vacated the trial court's order and remanded, holding that a challenge to the election of a committee person is a state action and infringement on that election could lawfully come before the courts.

The Court first notes that the Appellant never cited or raised this case in his pleadings or supporting brief. Secondly, his reliance on *Bentman* is misguided. The election and selection of a committee person is clearly a state function. The Pennsylvania Election Code provides:

There may be in each county a county committee for each political party within such county, the member of which shall be elected in the spring primary, or appointed, as the rules of the respective parties within the county may provide... 25 P.S. §2837

Whenever two or more members of a political party shall be elected or appointed, as the rules of the party may provide, as members of a political committee to represent the members of such party in the respective election districts, such members shall constitute a political committee of said political party to function within such election district: Provided that, when acting in the capacity of a political committee, such duly elected or appointed members shall be subject to the control, direction and supervision of the political committee of which they are members. 25 P.S. §2842.

The election of the committee person involves the state through the conduct and process of an election and inherent in any state action is the right to seek judicial redress when the public rights are infringed. As stated in _Bentman_, "judicial interference, even with the internal organization may directly affect the performance of a public function and the public interest." Id. @196. However, _Bentman_ goes on to state: "(j)udicial intervention must be limited to controversies where the issue raised bears a direct and substantial relationship to the performance of public functions by the political party." Id. (Emphasis added)

Simply, when the rights of the public functions of the party are involved, the Court has jurisdiction. When private functions are involved, the court does not. In the case at hand, the functions at issue are purely and unequivocally private. The Appellant sought an audit, requested to review financial records and to enforce a by-law concerning prior expenditure approval. The public function of the political party is the election of the committee members and officers; the remainder are private functions. Thus, _Bentman_ is distinguishable and has no application in this case.

_Sabatasse and Retos v. Marinkovich_, 2006-4456, 1374 C.D. 2006.
(1925 Statement, ¶s 2, 3, 4, 7)

The complete caption is _Sabatasse and Retos v. Democratic Party of Washington County and Marinkovich._ The case of Sabatasse involved the election of officers of the county committee and related to the public functions of the committee and not the private functions. The trial court in the case issued no final order as to standing and had specifically preserved the issue for argument. Before the argument was heard, an appeal was taken. The Court stated in his 1925 Opinion as to jurisdiction" No final order was entered. As such, this Court has not had the opportunity to reach the threshold issues of jurisdiction and standing." See 1925 Opinion,

6

November 21, 2006 at 1374 C.D. 2006. The *Sabatasse* case made no holdings as to standing and this case has no relevance to the dispute herein.

## CONCLUSION

The Order sustaining the Preliminary Objections dated October 30, 2017 should be affirmed.

BY THE COURT:

3-7-18
DATE

_Katherine B. Emery_
KATHERINE B. EMERY, JUDGE

7