IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John T. Zanicky,             :
         Petitioner      :
                            :
     v.                  :
                            :
Pennsylvania State Police,   :   No. 219 M.D. 2021
         Respondent   :   Submitted: December 16, 2021


BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge[1]
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                      FILED: January 7, 2022


Before this Court is the Pennsylvania State Police's (PSP) preliminary objection (Preliminary Objection)[2] to John T. Zanicky's (Zanicky) Complaint in Replevin (Complaint) filed in this Court's original jurisdiction. After review, this Court sustains the Preliminary Objection and dismisses the Complaint.


**Facts**[3]

On October 20, 2020, PSP personnel served Zanicky with an unsigned/unexecuted warrant to search his residence at 283 Chicora Road, Butler, Pennsylvania (Property), and all curtilage and outbuildings, vehicles, and property within the Property's boundaries. *See* Complaint ¶ 3. PSP's search of Zanicky's

---

[1] This matter was assigned to the panel before January 3, 2022, when President Judge Emerita Leavitt became a senior judge on the Court.

[2] Although PSP filed two preliminary objections, only one is before this Court.

[3] The facts recited herein are as alleged in Zanicky's Complaint.

home, based on a warrant substantiated by an unreliable witness affidavit,[4] was actually an effort to destroy Zanicky's various realty and personalty, including "garage doors, safe doors, cabinetry, surveillance cameras, furniture, and even a previously-unopened bag of potato chips" the PSP opened onto a carpeted floor. Complaint ¶ 4. "When not mindlessly destroying specific items, PSP merely ransacked the remainder of [his] home leaving same in a shamble[]." *Id.* "[T]he vast majority of said personalty seized was not listed on the 'items to be seized' portion of [the] warrant[,]" and "[o]ther personalty seized, which happened to be on said list, were also items owned by millions of Americans *via* legal means . . . ." Complaint ¶ 6. In addition, "approximately fifty thousand . . . dollars ($50,000.00) in cash was seized from [his] home, despite the fact that cash/currency/etc. was not listed on the aforementioned list of things to be seized[,]" and "the cash seized was only listed as 'Bulk Money' from various locations, and no actual accounting of the funds seized has been issued." Complaint ¶¶ 8-9. No charges have been filed arising from the search and seizure, nor have any civil asset forfeiture proceedings been initiated. *See* Complaint ¶ 11.

On April 5, 2021, Zanicky filed the Complaint in the Butler County Common Pleas Court (trial court) seeking immediate return of all personalty seized from his home, and payment of all costs/attorney fees associated with the action. On April 23, 2021, PSP filed preliminary objections, averring therein: (1) Zanicky improperly filed the action in the trial court rather than in the Commonwealth Court; and (2) Zanicky's Complaint should be dismissed because his claim is barred by sovereign immunity and the Complaint lacks legally sufficient facts to support a right to relief. Zanicky conceded that the matter should be properly brought before

_____

[4] "[D]espite one of the bases for the alleged probable cause to search was [Zanicky's] alleged payment . . . to [the witness] in the form of drugs[,] [c]onspicuously, no drug contraband whatsoever was seized from [Zanicky's] home." Complaint ¶ 7.

2

this Court, and, on June 25, 2021, the trial court transferred the matter to this Court in its original jurisdiction. Thus, only one Preliminary Objection remains for disposition.

**Discussion**

Initially,

> "In ruling on preliminary objections, the courts must accept as true all well-pled facts that are material and all inferences reasonably deducible from the facts." *Guarrasi v. Scott*, 25 A.3d 394, 400 n.5 (Pa. Cmwlth. 2011). However, we "are not required to accept as true any unwarranted factual inferences, conclusions of law or expressions of opinion." *Id*. To sustain preliminary objections, "it must appear with certainty that the law will permit no recovery" and "[a]ny doubt must be resolved in favor of the non-moving party." *Id*.

*Pa. Indep. Oil & Gas Ass'n v. Dep't of Env't Prot.*, 135 A.3d 1118, 1123 (Pa. Cmwlth. 2015).

PSP asserts that, because Zanicky's Complaint is in replevin, sovereign immunity bars Zanicky's right to relief.

> The action of replevin is founded upon the wrongful taking and detention of property and seeks to recover property in the possession of another. The value is recovered in lieu of the property only in case a delivery of the specific property cannot be obtained. Replevin is a possessory action in which the issues are plaintiff's title and right of possession. The primary relief sought is the return of the property itself, the damages being merely incidental.

*Valley Gypsum Co., Inc. v. Pa. State Police*, 581 A.2d 707, 710 (Pa. Cmwlth. 1990). In *Valley Gypsum*, a property owner filed a civil action in replevin against PSP and a storage facility owner, wherein Valley Gypsum sought the return of a trailer that

3

PSP had impounded following a fatal tractor-trailer accident. PSP moved for summary judgment, which the lower court granted.

This Court affirmed the lower court's order granting PSP's summary judgment motion, explaining:

> The legislature affirmed sovereign and official immunity and immunity from suit for the Commonwealth, its officials and employees acting within the scope of their duties. 1 Pa.C.S. § 2310. Under authority granted to it, the legislature enacted certain enumerated exceptions to sovereign immunity waiving:
>
>> [I]n the instances set forth in [Section 8522](b) [of what is commonly referred to as the Sovereign Immunity Act (Sovereign Immunity Act), 42 Pa.C.S. § 8522(b)], only and only to the extent set forth in this subchapter . . . sovereign immunity as a bar to an action against Commonwealth parties, *for damages arising out of a negligent act* where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were [sic] caused by a person not having available the defense of sovereign immunity. [Section 8522(a) of the Sovereign Immunity Act,] 42 Pa.C.S. § 8522(a). (Emphasis added.)
>
> The legislature then set forth nine (9) general acts by a Commonwealth party which may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity is not to be raised. [*See*] 42 Pa.C.S. § 8522(b).
>
> The totality of the [Sovereign Immunity] Act providing for exceptions to sovereign immunity requires that damages arise out of a negligent act and the negligence occur[s] within one or more of the nine (9) acts which may impose liability.
>
> **Clearly**, **an action of replevin for personal property**, **as hereinabove set forth**, **is neither one for damages arising out of a negligent act nor within the purview of**

4

> **the exceptions to sovereign immunity which may impose liability**.

*Valley Gypsum*, 581 A.2d at 710 (bold emphasis added; footnote omitted); *see also Martin v. Clark* (Pa. Cmwlth. No. 74 C.D. 2018, filed July 27, 2018); *Williams v. Pa. Dep't of Corr.* (Pa. Cmwlth. No. 695 M.D. 2016, filed Sept. 11, 2017); *Mercaldo v. Kauffman* (Pa. Cmwlth. No. 1333 C.D. 2015, filed Mar. 31, 2016).[5]

As in *Valley Gypsum*, because Zanicky's replevin action is "neither one for damages arising out of a negligent act nor within the purview of the exceptions to sovereign immunity which may impose liability[,]" *Valley Gypsum*, 581 A.2d at 710, sovereign immunity bars Zanicky's claim. Accordingly, this Court sustains PSP's Preliminary Objection and dismisses the Complaint.[6]

### Conclusion

For all of the above reasons, PSP's Preliminary Objection is sustained, and Zanicky's Complaint is dismissed.

_____
ANNE E. COVEY, Judge

---

[5] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported panel decision of this Court issued after January 15, 2008, may be cited for its persuasive value, but not as binding precedent. *Martin*, *Williams*, and *Mercaldo* are cited herein for their persuasive value.

[6] Given that Zanicky's Complaint is barred by sovereign immunity, this Court need not address PSP's assertion that the Complaint lacks sufficient facts to support a right to relief.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John T. Zanicky,               :

         Petitioner     :

                          :

        v.             :

                          :

Pennsylvania State Police,   :   No. 219 M.D. 2021

         Respondent   :

## O R D E R

AND NOW, this 7th day of January, 2022, the Pennsylvania State Police's preliminary objection to John T. Zanicky's Complaint in Replevin is SUSTAINED and the Complaint is DISMISSED.

_____

ANNE E. COVEY, Judge